U.S. PROBATION
TAMPA, FL

**16 JUN 28 PM 2: 25**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE _____ DISTRICT OF __FLORIDA__

Carlos Duarte _____,
     Petitioner-Defendant,

           Case No. __8:12-cr-67-T-35TB/ MIDDLE__

     V.

UNITED STATES OF AMERICA,
     Respondent-Plaintiff,

---

ABRIDGED MOTION TO VACATE, SET ASIDE CRIMINAL CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255

---

     NOW COMES, the Petitioner-Defendant, Carlos Duarte _____, (Petitioner), proceeding pro se in the above captioned cause, hereby moves this Honorable Court for permission to file an Abridged Motion to Vacate, set aside, or correct criminal convictions and sentence pursuant to 28 U.S.C. Section 2255 ("Abridged Motion to Vacate") in light of Johnson v. United States, 135 S.Ct. 2551 (2015).

     Pursuant to Haines v. Kerner, 404 U.S. 519, 520 (1972), which directs a court to hold pro se litigants to less stringent standards than those pleadings that are drafted by trained lawyers, Petitioner file the instant Abridged Motion to Vacate to comply with the statute of limitations in 28 U.S.C. Section 2255(f) or (h) and will file a supplemental motion fully briefing the issues presented in the Abridged Motion to Vacate no later than 60 days from today. Petitioner further waives any time limitations that appears to be imposed under Rule 4(b) of the Rules Governing Section 2255 Proceedings to the extent that they "Judge who receives the motion must promptly examine it." Petitioner also acknowledges that the delay in setting forth a briefing schedule until after his supplemental motion is filed results from his/her inexperience with the law, request for Appointment of Counsel that is filed consecutively herewith, and the additional time needed to fully brief his/her Johnson claim in order to file a supplemental motion.

RESPECTFULLY SUBMITTED this __23_ day of June, 2016.

Carlos Duarte _____
(Your Name)
Reg. No. 56232-018 _____
FCI OAKDALE   II ____
P.O. BOX  5010 ____
OAKDALE,   LA. 71463

              ISSUE

     On _Sep. 7__, 20_12, Petitioner was convicted of one count of possessing a firearm in relation to a "crime of violence" in violation of 18 U.S.C. Section 924(c)(a)(A)(iii) (Count _2_). Specifically, the count alleged that the underlying "crime of violence" for the Section 924(c) charge was armed bank robbery under 18 U.S.C. Sections 2113(a), (d) (Count _2_). However, in light of the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015), Petitioner's 924(c) conviction categorically fails to qualify as a "crime of violence." Therefore, Petitioner is now innocent of he Section 924(c) offense, and his/her conviction is void.

     In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. Section 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2557. The relevant portion of Section 924(c) defining a "crime of violence" has two clauses. The first clause - Section 924(c)(3)(A) - is commonly referred to as the residual clause. the Section 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C.

924(e)(2)(B)(ii) that the Supreme Court in Johnson struck down as void for vagueness. It follows that the Section 924(c) residual clause is likewise unconstitutionally vague. Hence armed bank robbery [Hobbs Act Robbery] under 18 U.S.C. Sections [1951, 2113, or 2118] cannot qualify as a "crime of violence" under the Section 924(c) residual clause. Likewise, armed bank robbery [Hobbs Act robbery] under 18 U.S.C. 2113(a), (d) [1951, 2118] categorically fails to qualify as a "crime of violence" under the remaining Section 924(c) force clause. Therefore, the "crime of violence" element of Section 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Petitioner's 924(c) conviction (1) violates due process; (2) violates the laws of the United States and results in a fundamental miscarriage of justice; and (3) was entered in excess of this Court's jurisdiction. Therefore, s/he is entitled to relief under 28 U.S.C. Section 2255(a).

Petitioner's petition is timely under 28 U.S.C. Section 2255(f)(3) and or 2255(h) because he filed it within the one year of the Supreme Court's decision in Johnson which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Petitioner respectfully requests that this Court grant his Section 2255 motion and vacate his conviction.

Due to time constraints, Petitioner cannot at this time fully brief the issue(s) presented in this petition. Therefore, petitioner files this Abridged Motion to Vacate and pray that this Court will allow him/her to file a timely supplemental no later than 60 days from the date of the filing of this pleading.

RESPECTFULLY SUBMITTED this __23__ day of June, 2016.

__Carlos Duarte____
Your Name)
Reg. No. 56232-018
_FCI OAKDALE   II__
_P.O.BOX 5010__
OAKDALE, LA.  71463
THIS IS NOT MEANT TO BE YOUR ACTUAL MOTION IF THIS ISSUE DOESN'T APPLY TO YOU. PLEASE TAKE IT AND CRAFT THE ARGUMENT THAT FITS YOUR SITUATION.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

Carlos Duarte ,
Petitioner-Defendant,
Case No. 8:12-cr-67-T-35TB/MIDDLE

V.

UNITED STATES OF AMERICA,
Respondent-Plaintiff,

MOTION AND REQUEST FOR APPOINTMENT OF COUNSEL

NOW COMES, the Petitioner-Defendant, Carlos Duarte , proceeding pro se in the above captioned cause, respectfully moves this Honorable Court for an order appointing counsel pursuant to 18 U.S.C. Section 3006A(c), to perform a preliminary review of the case in light of Johnson v. United States, 135 S.Ct. 2551 (2015).

In support thereof, Petitioner states that s/he has been previously represented by court appointed counsel, and is unable to afford counsel to assist in the filing of a motion for relief under Johnson and 28 U.S.C. 2255(f) or (h), which invalidates [his/her] [prior conviction/924(c) conviction] that was based upon the residual clause. Therefore, Petitioner's prayer is that this Court will grant this motion and request for appointment of counsel.

RESPECTFULLY SUBMITTED this 23 day of June, 2016.

Carlos Duarte
(Your Name)
Reg. No. 56232-018
FCI OAKDALE II
P.O. BOX 5010
OAKDALE, LA. 71463